UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| August Image, LLC, a New York Limited Liability Company<br><br>       Plaintiff,<br><br>- against -<br><br>Vice Media LLC, a Delaware limited liability company, Refinery 29, Inc., a Delaware corporation; and Does 1-10,<br><br>       Defendants. | Case No. 1:22-cv-07327 (PAE)<br><br>**ANSWER** |

Defendants Vice Media LLC ("Vice Media") and Refinery 29 Inc. ("R29") (collectively "Defendants"), by and through their attorneys, Pelosi Wolf Spates LLP, as and for their answer to the complaint (the "Complaint") filed by plaintiff August Image, LLC ("Plaintiff"), state as follows:

**JURISDICTION AND VENUE**

1. With respect to paragraph 1, Defendants admit Plaintiff purports to assert a claim under the Copyright Act, but deny that Plaintiff is entitled to any such relief.

2. Paragraph 2 contains legal conclusions to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the same.

3. Paragraph 3 contains legal conclusions to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the same.

**PARTIES**

4. Defendants lack knowledge or information sufficient to form a belief with respect to the allegations in paragraph 4.

5. Defendants admit the allegations set forth in paragraph 5.

6. Defendants admit the allegations set forth in paragraph 6.

7. Defendants lack knowledge or information sufficient to form a belief with respect to the allegations in paragraph 7.

8. Defendants deny the allegations in paragraph 8.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH

9. Defendants lack knowledge or information sufficient to form a belief with respect to the allegations in paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief with respect to the allegations in paragraph 10.

11. Defendants lack knowledge or information sufficient to form a belief with respect to the allegations in paragraph 11.  Paragraph 11 also contains legal conclusions to which no responsive pleading is necessary, but to the extent any response is required, Defendants deny the same.

12. Defendants deny the allegations in paragraph 12.  With respect to the website URL referenced in paragraph 12, Defendants state that the content of the websites speaks for themselves and Defendants deny any mischaracterization of the same by Plaintiff.

13. Defendants deny the allegations in paragraph 13.  With respect to the Subject Photography under Exhibit 1, Defendants state that the depiction therein speaks for itself and Defendants deny any mischaracterization of the same by Plaintiff.

14. Defendants deny the allegations in paragraph 14.  With respect to the screen captures of Defendants' websites under Exhibit 2, Defendants state that the depictions therein speak for themselves and Defendants deny any mischaracterization of the same by Plaintiff

15. Defendants deny the allegations in paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief with respect to the allegations in paragraph 16.

### FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against all Defendants, and Each)**

17. Defendants incorporate by reference the foregoing responses to the allegations in the Complaint.

18. Defendants deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19.

20. Defendants deny the allegations in paragraph 20.

21. Defendants deny the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

### SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

24. Defendants incorporate by reference the foregoing responses to the allegations in the Complaint.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

## THIRD CLAIM FOR RELIEF

### (For Violation of the DMCA: 17 U.S.C. § 1202 – Against all Defendants, and Each)

30.     Defendants incorporate by reference the foregoing responses to the allegations in the Complaint.

31.     Defendants lack knowledge or information sufficient to form a belief with respect to the allegations in paragraph 31.

32.     Defendants deny the allegations in paragraph 32.

33.     Defendants deny the allegations in paragraph 33.  With respect to Exhibit 2 referenced in paragraph 33, Defendants state that the content of the URL(s) cited therein speak for themselves and Defendants deny any mischaracterization of the same by Plaintiff.  Furthermore, with respect to the website screen capture depicted in paragraph 33, Defendants state that the depiction speaks for itself and Defendants deny any mischaracterization of the same by Plaintiff.

34.     Defendants deny the allegations in paragraph 34.

35.     Defendants deny the allegations in paragraph 35.

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants deny the allegations in paragraph 37.

### PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested.  No response is required to Plaintiff's jury demand.

### HEADINGS AND SUBHEADINGS

Defendants are not required to respond to the headings and subheadings within the Complaint.  To the extent that a response is required, Defendants deny any averments in the headings or subheadings of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants make the following allegations as affirmative defenses against the claims asserted against them without admission of liability, without admitting that they bear the burden of persuasion or presentation of evidence on each or any of these matters, and without waiving the right to assert and rely upon other defenses that become available or appear during the course of this action.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to statutory damages under 17 U.S.C. § 504 or attorneys' fees under 17 U.S.C. § 505 because Plaintiff was never issued a valid Certificate of Registration from the U.S. Copyright Office for the photograph at issue.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the three-year statute of limitations in 17 U.S.C. § 507(b).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, acquiescence and laches.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible claim upon which relief may be granted under FRCP 12(b)(6).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff does not validly own the photograph at issue and therefore has no standing to sue.

## SIXTH AFFIRMATIVE DEFENSE

Any use of the photograph at issue by Defendants was expressly or impliedly authorized by Plaintiff and/or the true owner copyright owner or co-owner, or a third party with actual or apparent authority.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants actions were not willful, intentional or purposeful. Defendants have at all times acted in good faith and without knowledge or notice of any allegedly adverse interest of any other person or entity, including Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Any use of the photograph at issue by Defendants was a fair use, and therefore Plaintiff cannot sustain an action for copyright infringement.

## NINTH AFFIRMATIVE DEFENSE

Any use of the photograph at issue by Defendants was *de minimis* and therefore Plaintiff cannot sustain an action for copyright infringement.

## TENTH AFFIRMATIVE DEFENSE

Any damages allegedly suffered by Plaintiff were wholly or in part the legal fault of persons, firms, corporations, or entities other than Defendants, including but not limited to Kimble Haircare which first posted the photograph at issue to Instagram without attribution, and this legal fault reduces the percentage of responsibility, if any, to be borne by Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

The alleged use of the photograph at issue was in 2017. Vice Media acquired R29 in 2019 making any allegation of contributory and vicarious infringement as between the Defendants as it relates to the photograph at issue factually and legally implausible.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: September 20, 2022 | PELOSI WOLF SPATES LLP |
|  | By: _____ |
|  | Angelo DiStefano, Esq. |
|  | 50 Broad St., Ste. 1609 |
|  | New York, NY 10004 |
|  | Tel: (212) 334-4801 (x6482) |
|  | Fax: (212) 571-9149 |
|  | E-Mail: adistefano@pwes.com |
|  | *Attorneys for Defendants Vice Media LLC and Refinery 29, Inc.* |

## **CERTIFICATE OF SERVICE**

     I hereby certify that, on September 20, 2022, a true and correct copy of the foregoing **ANSWER** was filed on ECF and served on all listed counsel of record.

_____
Angelo DiStefano, Esq.